# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

*Defendants.*

JONATHAN NEUMANN

*Plaintiff,*

v.

FENTRESS COUNTY, TENNESSEE;
MICHAEL REAGON, in his individual
capacity; and JOHN MONTOOTH, in
his individual capacity,

Case No. 2:26-cv-00035

JURY DEMANDED

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE EXHIBIT 2 UNDER SEAL AND TO SUBSTITUTE A REDACTED VERSION

Exhibit 2 to the Complaint inadvertently includes unredacted personal data identifiers belonging to Plaintiff Jonathon Neumann—specifically, his full Social Security number, his full date of birth, and his driver's license number—which Rule 5.2(a) and this Court's privacy rules require to be omitted or partially redacted from documents available to the public. Because those identifiers are presently accessible to the public on the docket, Plaintiffs seek a narrowly tailored order sealing the unredacted exhibit and permitting substitution of a redacted version that removes only the protected identifiers while preserving public access to the substance of the records.

## RELEVANT BACKGROUND

1. On June 3, 2026, Plaintiffs filed their Complaint (Doc. 1), together with Exhibit 2 (Doc. 1-2).

2. Exhibit 2 is a composite of records from the underlying Fentress County General Sessions Court proceeding, including the arrest warrant/criminal summons, the affidavit of

1

complaint, the affidavit in support of the search warrant, the search warrant, the officer's return and inventory of property seized, the appearance bond, and the agreed order.

3.    The arrest warrant/criminal summons form and the affidavit of complaint (Doc. 1-2 at PageID #54–55) display Mr. Neumann's full Social Security number, his full date of birth, and his driver's license number.

4.    These identifiers originate on the state-court and law-enforcement forms reproduced within the exhibit and were not redacted before the exhibit was filed. No other component of Exhibit 2 contains a personal data identifier of the type protected by Rule 5.2(a).

## LEGAL STANDARD

Federal Rule of Civil Procedure 5.2(a) provides that, unless the Court orders otherwise, an electronic or paper filing that contains an individual's Social Security number may include only the last four digits, and a filing that contains an individual's birth date may include only the year. This Court's *Notice Regarding Privacy and Public Access to Electronic Case Files* restates these requirements, directs caution as to other identifiers such as a driver's license number, and provides that a party may file an unredacted document under seal and a redacted copy for the public file.

There is a strong presumption that the public may access judicial records. To overcome that presumption, the moving party must show compelling reasons for sealing, and any seal must be narrowly tailored to serve those reasons. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299, 305 (6th Cir. 2016); LR 5.03(c). Under LR 5.03(c), the motion must analyze in detail, document by document, the propriety of restricting access, supported by facts and legal authority.

2

**ARGUMENT**

*I*      *Compelling reasons support sealing the unredacted exhibit.*

Protecting an individual's complete Social Security number, full date of birth, and driver's license number is a compelling interest that overcomes the presumption of public access. These are precisely the identifiers that Rule 5.2(a) and this Court's privacy rules require to be withheld from public filings. The public has no legitimate interest in Mr. Neumann's full Social Security number, full birth date, or license number, and their continued public availability exposes him to a heightened risk of identity theft and financial fraud.

*II.*     *The requested relief is narrowly tailored.*

Sealing only the unredacted version of Exhibit 2 is the least restrictive means of protecting the identifiers. A redacted version—removing nothing more than the full Social Security number (leaving the last four digits), the full date of birth (leaving the year), and the driver's license number—would remain available to the public. The protected identifiers appear only at PageID #54–55, and no other portion of the exhibit is implicated. The substance of the warrants, affidavits, return and inventory, bond, and agreed order will remain fully accessible to the public.

*III.*    *Document-by-document analysis (LR 5.03(c)).*

Consistent with LR 5.03(c), the sole basis for restricting access is the presence of statutorily protected personal data identifiers on the arrest warrant/criminal summons (PageID #54) and the affidavit of complaint (PageID #55). The remaining components of Exhibit 2—the affidavit in support of the search warrant, the search warrant, the officer's return and inventory, the appearance bond, and the agreed order—contain no such identifiers, are not sought to be withheld, and will appear in full in the redacted public version. Restriction is therefore confined to what is necessary to protect the identifiers.

***IV.*** ***A redacted version will be filed (LR 5.03(e)).***

The filing of a redacted version is practicable. In accordance with LR 5.03(e), Plaintiffs will file a redacted version of Exhibit 2 that redacts the full Social Security number to its last four digits, the date of birth to the year, and the driver's license number, while leaving all other content intact.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Motion and enter an Order (1) directing that the unredacted Exhibit 2 (Doc. 1-2) be sealed and maintained under seal, accessible only to the Court and the parties, and (2) granting Plaintiffs leave to file the accompanying redacted version of Exhibit 2 on the public docket.

Respectfully submitted,

BRAZIL CLARK, PLLC


*/s/ Paul D Randolph*
Wesley Ben Clark, BPR #32611
Paul D. Randolph III, BPR #39667
760 E. Argyle Avenue
Nashville, Tennessee 37203
(615) 730-8619
wesley@brazilclark.com
paul@brazilclark.com

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing will be served with the Complaint in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court, including by operation of the Court's CM/ECF system upon all counsel of record.

*/s/ Paul D Randolph.*